### GRANEY v. BERRIE.

(Supreme Court, Appellate Division, First Department. June 28, 1898.)

**1. CONTRACTS—ACTION FOR BREACH—EVIDENCE.**

In an action for breach of contract, the plaintiff claimed that the defendant contracted with him to erect a house upon a lot owned by the plaintiff, the deed of which was delivered to the defendant to indicate its boundaries, and that it was built and paid for, and was subsequently discovered to have been placed partly on adjoining premises, and he claimed as damages the expense of removing it onto his lot; while the defendant claimed that the contract was made with plaintiff's wife, who undertook to, and did, have a survey of the lot made at her own expense, and that the house was properly located according to the survey. *Held*, that upon the conflicting evidence a finding for the plaintiff was warranted.

**2. SAME—PLEADING AND PROOF.**

It appeared from the deed offered in evidence that the lot had been conveyed to the plaintiff and his wife as tenants by the entirety. *Held*, that this was not a variance fatal to a recovery.

McLaughlin, J., dissenting.

Appeal from trial term, New York county.

Action by Thomas P. Graney against Joseph Berrie. From a judgment entered on a verdict, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Henry A. Forster, for appellant.

W. J. Townsend, for respondent.

INGRAHAM, J. The complaint alleges two causes of action, but it is upon the first cause of action that the plaintiff recovered, and that only will be considered. It is there alleged that the plaintiff, being the owner and in possession of a certain lot and parcel of land situate in the city of New York, entered into an agreement with the defendant, whereby the defendant promised and agreed to erect for the plaintiff upon said lot a certain house or building for the sum of $3,500, which sum the plaintiff promised and agreed to pay therefor; that thereafter the said defendant did erect a certain house or building, for which the plaintiff paid the said sum of $3,500 as agreed; that the defendant failed and neglected to erect said house or building upon the said lot owned by the plaintiff, as agreed by him, but that the said house or building was by the said defendant located and erected in part upon said lot and in part upon an adjoining lot, not owned by the plaintiff, and in part within the street line; and that the owner of the said adjoining lot upon which said building was in part erected by the said defendant has demanded of the plaintiff that the plaintiff remove the said building, or such portion thereof as is located upon his lot, and that by reason of the premises, and because of the failure of the defendant to erect said building upon the plaintiff's lot as by him agreed, the plaintiff has suffered damage in the sum of $1,500. The answer denies that there was any contract between the plaintiff and the defendant, and denies the other allegations in the complaint upon which the cause of action is based. Upon the trial the plaintiff was called as a witness, and swore that he was one of the grantees named in a deed of the premises described in the complaint, the other grantee being his wife. The deed was introduced in evidence, and it appeared that the conveyance was made to the grantees as husband and wife, and thus the title to the premises vested in them as husband and wife, and they thus became seised in fee as tenants by the entirety, and each was seised of the whole, and not of any undivided portion, of the property. The plaintiff then testified that he had a conversation with the defendant, at which the defendant agreed to erect a building upon the said lot for the said sum of $3,500; that the defendant asked the plaintiff for the deed, so as to have it for a guide to get his engineer to measure it; that the plaintiff gave him the deed introduced in evidence, and the defendant took it with him, and subsequently built the house, for which the plaintiff paid him $3,394.

If this contract, as testified to by the plaintiff, was actually made, the first cause of action alleged in the complaint was proved. The plaintiff, being the owner of the property, made the contract

with the defendant to build the house upon the plaintiff's lot, and gave to the defendant the deed which described the lot upon which defendant undertook to have the property surveyed; and the defendant under this contract was bound to build the house upon the lot of the plaintiff as described in the deed, and would be liable for any injury that was sustained by the plaintiff in consequence of a failure to perform such contract.   It was then further shown that the house was not built upon the plaintiff's lot, but, as built, encroached upon the lot to the south between two and three feet, and encroached upon the street over five feet, and that the expense of moving the house and placing it upon the plaintiff's lot would be in the neighborhood of $1,000.   The defendant denied making any contract with the plaintiff.   He alleged that he made a contract with the plaintiff's wife, by which the plaintiff's wife undertook to have the survey made; that a survey was made by an engineer employed in her behalf, whom she paid; and that it was in consequence of an error in this survey that the house was built upon the adjoining property.   The court submitted the question to the jury by a charge to which no exception was taken, and in which the court stated to the jury that, if they found that the contract was made with the plaintiff and by the plaintiff for his benefit, and that the defendant undertook to locate the premises, and made an error in the location, then, and then only, was the plaintiff entitled to damages at their hands.   The defendant presented two requests to the court to charge, both of which, we think, were properly refused, and the jury, having found for the plaintiff, must be assumed to have adopted the plaintiff's version of the contract, and not the defendant's.   The fact that the title of the property was in the plaintiff and his wife as tenants by the entirety, instead of the plaintiff being the sole owner of the premises, was not a variance that was fatal to a recovery for the plaintiff, as a matter of fact, was the owner of the property as tenant by the entirety, and upon the death of his wife was the sole owner of the property.   The right of the plaintiff to recover depended upon a breach of the contract made with the plaintiff by the defendant, and, having given evidence tending to show such contract, and the breach by the defendant, the plaintiff is entitled to recover.   We think the only question was one of fact which the verdict of the jury has resolved in favor of the plaintiff, and that no error was committed upon the trial to which an exception was taken.

The judgment appealed from is affirmed, with costs.   All concur, except McLAUGHLIN, J., dissenting.